OPINION
{¶ 1} This original action in mandamus is presently before this court for consideration of motions for summary judgment filed by both parties. Relators, Trafalgar Corporation, Bruce Geisinger and Mark Geisinger (hereinafter referred to as Trafalgar) filed a complaint for a writ of mandamus seeking an order compelling the Miami County Board of Commissioners to re-zone property that is owned by Trafalgar and, in the alternative, to initiate an appropriation action on the property. The respondent, Miami County Board of Commissioners (hereinafter referred to as the Board), contends that Trafalgar is not entitled to the requested relief.[1] For the reasons set forth below, we conclude that the motion for summary judgment filed by Trafalgar is without merit and it is hereby overruled. We further conclude that the Board is entitled to judgment as a matter of law, and therefore the motion for summary judgment filed by the Board is sustained.
 {¶ 2} This case has been before this court on a previous direct appeal. See, Trafalgar v. Board of Miami County Commissioners (Sep. 7, 2001), Miami App. No. 2001 CA 6. The following facts relevant hereto were set out in our prior opinion:
 {¶ 3} "Trafalgar Corporation is an Ohio corporation that is controlled by the Geisinger family. For approximately thirty-five years, the Geisinger family or Trafalgar Corporation (hereinafter referred to collectively as `Trafalgar') has owned a fifty acre tract of land located at 1619 Monroe Concord Road in Concord Township, Miami County, Ohio.
 {¶ 4} "In 1957, the Miami County Board of Commissioners adopted a Zoning Resolution for Miami County which established various zoning requirements for land located in unincorporated areas of Miami County. That resolution was amended in 1965. The resolution required the Miami County Planning Commission's approval for residential building lots with road frontage of less than 125 feet.
 {¶ 5} "In 1969, Trafalgar sought approval of a preliminary development plan for the tract of land The plan consisted of fifty-three lots on the fifty acres. The Miami County Planning Commission approved the plan, subject to the owners moving a road on the proposed plan one lot north and obtaining the approval of the City of Troy Planning Commission. Trafalgar did not pursue its plan to develop the property, however, because `it was not economically feasible' at that time.
 {¶ 6} "In 1995, 1997, and 1999, Trafalgar requested zoning changes and submitted new development plans for the tract of land Each time, the Miami County Planning Commission, Miami County Zoning Commission, and Board of Miami County Commissioners approved a zoning change for the land from A-2 General Agricultural to R-1AA Single Family Residential. On each occasion, however, voters in Concord Township disapproved the zoning change through referendum.
 {¶ 7} "On June 23, 1999, Trafalgar filed a complaint for declaratory judgment, asking the trial court to find R.C. 303.12
unconstitutional and to declare the property rezoned as requested. The trial court denied the complaint * * *" Id.
 {¶ 8} Trafalgar filed a direct appeal in this court. We affirmed the judgment of the trial court. Id. Of relevance to this action, in our prior opinion, we concluded that the trial court had not erred in finding that the 1969 approval by the Miami County Planning Commission was not a final approval, that the electors' use of referendum to deny the zoning change was a "legitimate exercise of the people's power" because it was not arbitrary or irrational, and that the use of the referendum was appropriate. Id. We further noted that Trafalgar's claim for inverse condemnation was not a recognized cause of action, and that instead, an action in mandamus for appropriation proceedings was the appropriate remedy for an alleged taking. Id.
 {¶ 9} Trafalgar filed an appeal of our prior judgment with the Ohio Supreme Court. The Supreme Court declined to review our judgment. See,Trafalgar v. Board of Miami County Commissioners (2001),94 Ohio St.3d 1411.
 {¶ 10} Trafalgar filed the complaint in mandamus that is presently before us in May, 2002. Following discovery, both parties filed motions for summary judgment.
 {¶ 11} A petitioner is entitled to a writ of mandamus if he can demonstrate the following: (1) a clear legal right to the relief requested; (2) a clear legal duty to perform the act requested; and (3) the absence of a plain and adequate remedy in the ordinary course of the law. Watson v. Ohio Adult Parole Auth., 2003-Ohio-6931, ¶ 15. Trafalgar first argues that it is entitled to an order requiring the Board to issue the requested zoning. This argument is based upon the claim that the current zoning is unconstitutional because it is arbitrary and unreasonable and because no rational basis exists for the refusal of the requested zoning. In order to resolve this issue we would have to determine whether the voters acted in an arbitrary or unreasonable manner in passing the referendum. We find that we need not address this argument because it is based upon the identical issues raised in the appeal involving these parties previously filed in this court, wherein we held that the trial court did not err in finding the referendum valid. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
 {¶ 12} Even if we were to address this argument, we would conclude that it has no merit. Trafalgar has not introduced any evidence to substantiate a claim that the voters acted in an unreasonable or arbitrary manner or that the referendum was otherwise inappropriate or illegal. Conversely, the Board has demonstrated that the impetus for the successive referenda disapproving re-zoning has been based upon the voters' concerns for the preservation of farmland in this historically rural area and for the need to reduce stress upon the local resources. Thus, there is evidence in the record to indicate that the denial of the re-zoning was neither arbitrary nor irrational, but was based upon rational concerns.
 {¶ 13} Trafalgar also argues that subsequent referenda in 2000, 2001, 2002 and 2003, were not subject to review by any court, and thus, should not be barred by the doctrine of res judicata. We would agree to the extent that any new, or different issues are being raised. But we agree with the Board that Trafalgar's claim that the decision by voters to reject re-zoning is arbitrary and unreasonable is, in fact, the same issue that was raised in the previous litigation between the parties, and resolved adversely to Trafalgar.
 {¶ 14} Trafalgar next argues that it is entitled to an order compelling the Board to institute appropriation proceedings against the property. In support, it contends that the current zoning has deprived the land of all economic viability.
 {¶ 15} As noted in our prior opinion, "[a] property owner's remedy for an alleged taking of private property is to bring an action in mandamus to compel the public authority that committed the alleged taking to institute appropriation proceedings." Trafalgar, supra. Additionally, the property owner may also file an action for money damages in the Court of Claims. Id., citation omitted.
 {¶ 16} Trafalgar is correct in its assertion that a compensable taking can occur if the application of a zoning ordinance to a particular parcel of property denies the landowner all economically viable use of the land Furthermore, the property owner does not need to establish the loss of all economically viable uses of the land, but instead must demonstrate "a substantial or unreasonable interference with a property right." Stateex rel. Preschool Dev., Ltd. v. Springboro, 792 N.E.2d 721,2003-Ohio-3999, ¶ 13.
 {¶ 17} In this case, Trafalgar has failed to produce competent evidence to establish that the current zoning has deprived it of all economically viable uses of the land The only evidence submitted by Trafalgar with regard to this claim is found in the affidavit of Mark Geisinger in which he avers that:
 {¶ 18} "The refusal to allow the subject land use is in no way related to a substantial public purpose, is unduly harsh on the landowner and denies the landowner all economically viable use of the land, in my opinion as owner of the property."
 {¶ 19} A purely conclusory averment in an affidavit will not defeat a motion for summary judgment. Ohio Poly Corporation v. Packaging Handling Supplies Co. (1988), 44 Ohio App.3d 88. We find no support for this conclusory averment in the record. The record supports a finding that the property is currently being used by a tenant farmer for farming operations. Moreover, the record supports a finding that Trafalgar could subdivide the property into larger lots, without any need for re-zoning. Therefore, while Trafalgar may not be able to subdivide the property into as many lots as it would like, it may divide it into larger lots for sale. Thus, we conclude that no taking has occurred because there has been no demonstration of substantial or unreasonable interference with the property. Therefore, Trafalgar is not entitled to an order compelling the appropriation of the property.
 {¶ 20} Based upon the record before us, we find that Trafalgar has failed to demonstrate any genuine issue of fact with regard to whether it is entitled to the requested writ of mandamus. Instead, we find that its claim for an order compelling the re-zoning of the property is barred by the doctrine of res judicata and that its claim for an order compelling appropriation is not merited. Conversely, we find that the Board's motion for summary judgment, based upon its claim that Trafalgar is not entitled to the requested relief, is well-taken.
 {¶ 21} Accordingly, the motion for summary judgment filed by Trafalgar is hereby denied, and the motion for summary judgment filed by the Board is sustained. The complaint in mandamus is hereby dismissed.
Wolff and Young, JJ., concur.
[1] The action was originally filed by Trafalgar against both the Board and Concord Township, Miami County, Ohio. However, by Decision and Entry dated August 8, 2003, we rendered summary judgment in favor of the Township and dismissed all claims against it.